IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



UNITED STATES OF AMERICA )
ex rel. HECTOR MERCADO #B58130, )
                                )
              Petitioner,        )
                                )
         v.                      )   No. 05 C 4114
                                )
ALAN UCHTMAN,                    )
                                )
              Respondent.        )

## MEMORANDUM ORDER

Hector Mercado ("Mercado") has just filed a self-prepared 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition"), using the form provided by this District Court's Clerk's Office. Mercado has also accompanied the Petition with an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"), also using Clerk-supplied documents for those purposes. This Court has conducted the preliminary review called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), and it dismisses the Petition as directed by that Section 2254 Rule.

Before this memorandum order goes on to address the substance of the Petition, a word or two should be said about the Application. Mercado is obviously unaware that the only filing fee required for a Section 2254 Petition is $5. Although the accompanying printout of transactions in his trust fund account

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

at Menard Correctional Center ("Menard," where he is serving his term) shows an account balance of just $2.05, it also reflects that he receives $10 monthly as wages for his prison job and that periodic payments are also made into the account by Juana Cuevas. Accordingly the Application is denied, and the authorities at Menard are ordered to remit the $5 filing fee to the Clerk of Court as soon as the account balance reaches or exceeds the $5 level. That payment should refer to Case No. 05 C 4114 and should be addressed as follows:

> Clerk, United States District Court
> 219 South Dearborn Street – 20th Floor
> Chicago IL 60604
>
> Attention: Fiscal Department

To turn to the Petition, it should first be noted that the time sequence laid out by Mercado as to the progress of his direct appeal and his state post-conviction proceedings would have created, but for a mistake on his part, a problem of untimeliness under Section 2244(d)(1) as extended by the tolling period under Section 2244(d)(2). But this Court has determined that his petition to the United States Supreme Court for certiorari in connection with his direct appeal was denied on June 16, 2003 (539 U.S. 934) rather than on his listed date of February 5, 2003 (as he says in Petition Pt. I ¶5). That difference in dates brings him within the one-year limitation period with its statutory extension.

This Court, then, looks to the merits of the Petition. In that respect Mercado has raised here only three grounds that he had tendered to the state court on direct review, omitting his Sixth Amendment challenges to the conduct of his trial counsel that he later advanced in his state post-conviction petition. It appears to be just as well that he has done so, for under O'Sullivan v. Boerckel, 526 U.S. 838 (1999) that issue would have been barred to him because he failed to seek leave to appeal to the Illinois Supreme Court from the Illinois Appellate Court's affirmance of the dismissal of his post-conviction effort (Petition Pt. II ¶I).[2]

Analysis of the three issues that he now poses in conjunction with the Illinois Appellate Court's decision on direct appeal in People v. Mercado, 333 Ill.App.3d 994, 777 N.E. 2d 641 (1st Dist. 2002) shows that none of his presently asserted grounds justifies habeas relief. This opinion will deal with those grounds in the same order that Mercado lists them.

To begin with, Mercado complains about the jury instruction that was given as to identification testimony, in which the trial court departed from Illinois Pattern Instruction Crim. No. 3.15 by inserting the connector "or" between each of the five itemized

---

[2] Mercado asserts that his failure to seek leave to appeal was because of "[l]ack of access to the law library." But given his omission of that ground from the present Petition in any event, this Court need not consider the potential adequacy of that factor as a possible escape from the O'Sullivan holding.

factors that followed this beginning of the instruction:

> When you weigh the identification testimony of a witness, you should consider all the facts and circumstances in evidence, including, but not limited to, the following:

On that score the able opinion written by Justice Warren Wolfson for the Appellate Court found that the failure to have objected to that instruction at trial or to raise the issue in a post-trial motion amounted to a waiver of the issue (333 Ill.App.3d at 999-1000, 777 N.E.2d at 646). Over and above that, any claimed error in that regard was held by the Appellate Court to have been harmless because "the evidence was not 'closely balanced,' but was overwhelmingly in favor of conviction" (333 Ill.App.3d at 1000, 777 N.E.2d at 646). Moreover, said the Appellate Court, the prosecutor's closing argument to the jury correctly stated that they were to consider all five factors in evaluating eyewitness testimony (id.).

Under those circumstances Mercado faces the barrier of procedural default, and he has not satisfied the required "cause and prejudice" showing needed to surmount that barrier. And even were that not the case, he has failed to show--as he must--that the Appellate Court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" (Section 2254(d)(1)).

Mercado's second complaint, dealing with the trial court's

4

admission of what he characterizes as "gruesome photographs," also fails in light of the Illinois Appellate Court's treatment of that issue (333 Ill.App.3d at 1000-1001, 777 N.E.2d at 646-47). It is extraordinarily rare for any evidence ruling to rise to the level of a constitutional violation, and again Mercado also falls at the Section 2254(d)(1) hurdle.

Finally Mercado complains that his 92 year extended-term sentence, based on a finding of brutal and heinous conduct in the course of killing his victim, runs afoul of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). But because Mercado was found to be eligible for the death penalty, the extended-term sentence for first degree murder did not, as <u>Apprendi</u> would have forbidden, increase the penalty beyond the prescribed statutory maximum. That was the Appellate Court's holding (333 Ill.App.3d at 1002, 777 N.E.2d at 647), and it was sound.

In summary, then, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4), and that means this Court must dismiss the Petition (<u>id.</u>). It so orders.

                                            */s/ Milton I. Shadur*
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: July 20, 2005