IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
ex rel. HECTOR MERCADO #B58130, )
 )
        Petitioner, )
 )
v. ) No. 05 C 4114
 )
ALAN UCHTMAN, )
 )
        Respondent. )

## MEMORANDUM ORDER

Hector Mercado ("Mercado") has filed a notice of appeal from this Court's July 20, 2005 memorandum order ("Order") that dismissed Mercado's self-prepared 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition"). This memorandum order addresses Mercado's request for in forma pauperis treatment in conjunction with his appeal.

Unlike the Petition, the filing fee for which was only $5,[2] Mercado's appeal (like all appeals) requires the payment of an aggregate $255 in filing fees. In that respect Section 1915(b) provides that in forma pauperis status may be granted to a prisoner litigant on condition that he or she pay the entire filing fee, not up front but in installments as prescribed by that subsection. But it remains true that the granting of such

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] See Order at 1-2, which addressed that subject and ordered the authorities at Menard Correctional Center ("Menard," where Mercado is serving his custodial sentence) to remit that $5 filing fee as soon as Mercado's account balance there reached or exceeded the $5 level.

status, even though appellant has made an appropriate showing of poverty, is not proper if the appeal "is not taken in good faith" (Section 1915(a)(3)). And Lee v. Clinton, 209 F.3d 1025, 1027 (7th Cir. 2000) teaches that the quoted language has the same meaning as an appeal that is "non-frivolous."

In that regard, to be sure, the legal concept of a complaint's frivolousness does not equate to the failure to state a claim (the basis for dismissal of a civil complaint under Fed. R. Civ. P. 12(b)(6)). But in this instance it appears that Mercado fails to surmount the hurdle of legal non-frivolousness. As Order at 3-5 explained, none of the three grounds that he has sought to advance for federal habeas relief is at all colorable, and that is what occasioned the Order's swift dismissal of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Accordingly Mercado's motion for leave to file his appeal in forma pauperis is denied as not satisfying the Section 1915(a)(3) standard. This ruling renders moot his noncompliance with the requirement of Section 1915(a)(2) to provide a printout of the transactions in his trust fund account at Menard for the period beginning February 1 and ended July 30, 2005.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 17, 2005

2